CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 03, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DeVinche Javon AlBritton, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Chadwick Dotson, )<br>)<br>Respondent. ) | Civil Action No. 7:25-cv-00207 |

## MEMORANDUM OPINION AND ORDER

Petitioner DeVinche Javon AlBritton, a Virginia inmate proceeding *pro se*, filed this petition seeking federal habeas review of an institutional disciplinary conviction that resulted in the loss of good time. (Dkt. 1 at 1.) Specifically, he asserts three grounds for federal review: that he was not allowed to present all relevant witnesses and evidence at the disciplinary hearing, that prison officials disregarded exculpatory evidence in upholding his conviction, and that the Virginia Supreme Court wrongly dismissed his state petition for Writ of Habeas Corpus as untimely. (Dkt. 1-3 at 1.) This matter is before the court on Respondent Chadwick Dotson's motion to dismiss pursuant to Rule 5 of the Rules Governing Section 2254 Cases. (Dkts. 15, 16.) For the reasons set forth below, the court will grant the motion and dismiss this action.

### I.     Factual and Procedural History

According to the Petition, AlBritton was convicted of an institutional charge in August 2023, resulting in the loss of good time. (Dkt. 1 at 1.) AlBritton contends he was denied

due process in connection with the institutional hearing and that exculpatory evidence that he presented was not given weight. (Dkt. 1-3 at 1.) He appealed his institutional conviction according to the prison's procedures. (Dkt. 1 at 1.) The first level of appeal upheld the conviction in September 2023. (*Id.*) The second and final level of appeal resulted in an upholding of the conviction on December 11, 2023. (*Id.* at 2.)

AlBritton then filed a habeas corpus petition in the Virginia state court system on November 12, 2024. (*Id.*) The Virginia Supreme Court dismissed the claim as untimely on February 3, 2025. (*Id.*) AlBritton requested a rehearing, and that request was denied on March 10, 2025. (*Id.* at 5.) The state court dismissal was on the ground that AlBritton's Petition was untimely because it was filed more than one year after accrual, which was the date of the institutional conviction. (Dkt. 1-2 at 40.) The Virginia Supreme Court cited the Virginia statute setting the limitations period, Virginia Code § 8.01-654(A)(2), as the basis for its ruling. (*Id.*) That statute provides: "A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2).

AlBritton contends that this was an incorrect application of the law, and that his deadline should have been one-year from the date the institutional appeal process was concluded in December 2023, rather than running from the date of his institutional conviction, which was in August 2023. (Dkt. 1-3 at 1.) Because he filed for state habeas review in November 2024 (within one year of the conclusion of the institutional appeal process), he contends the state court's dismissal of his petition as untimely was an error. (*Id.*)

He now seeks federal review and filed the Petition in this case on March 24, 2025.

(Dkt. 1.)

## II.     Standard of Review

"In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138–39 (4th Cir. 2009). "[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.     Analysis

This court is not permitted, under governing law, to consider the merits of the Petition filed by AlBritton. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)); s*ee also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 582 U.S. 521, 527–28 (2017).

In the Fourth Circuit, it is well-established that "Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent state-law procedural rule." *Baker v. Clarke*, 95 F. Supp. 3d 913, 917 (E.D. Va. 2015) (explaining that "a state procedural rule is 'adequate' if it is 'regularly or consistently applied by the state court,' and is 'independent' if its application does not depend on the federal Constitution") (citing *Williams v. French*, 146 F.3d 203, 209 (4th Cir. 1998)). Further, Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when applied to challenges to prison disciplinary hearings. *See*

*Springer v. Kiser*, No. 7:17-cv-00304, 2017 WL 3782791, at *2 (W.D. Va. Aug. 31, 2017); *Adams v. Fleming*, No. 7:16-cv-00445, 2017 WL 2992508, at *3 (W.D. Va. July 12, 2017). Therefore, under governing law, AlBritton has procedurally defaulted his present claims. *See Patterson v. Clarke*, No. 3:19-cv-00263, 2020 WL 3104516, at *3 (E.D. Va. June 11, 2020). This is the case even if the state court system erred. As explained in another case:

> state law determines whether the state appeal is timely, and a federal court on habeas review must defer to the state's interpretation of its own law. The Supreme Court of Virginia specifically held that [the party's] notice of appeal was untimely. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). In other words, the state found the appeal untimely, and the federal court is not allowed to make a different decision on that state law issue.

*Formica v. Clarke*, No. 7:19-cv-00039, 2020 WL 3840427, at *2 (W.D. Va. July 6, 2020) (citations omitted), *appeal dismissed*, 823 F. App'x 178 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2546 (2021).

It is equally well-established that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila*, 582 U.S. at 527. Accordingly, the Supreme Court of Virginia's determination that AlBritton's state habeas petition was untimely significantly constrains the scope of federal habeas review by this court. When "a state court finds that a claim is procedurally defaulted based on an adequate and independent state ground, the claim may not be reviewed on the merits by a federal habeas court, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Baker*, 95 F. Supp. 3d at 917 (quoting *Harris v. Reed*, 489 U.S. 255, 262 (1989)) (cleaned up). Absent a showing of cause for the default and prejudice or a

-5-

fundamental miscarriage of justice (such as actual innocence), which AlBritton does not show, this Court simply cannot review the merits of a defaulted claim. *See Harris*, 489 U.S. at 262; *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (same).

The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick,* 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 582 U.S. at 528 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15-cv-00781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016).

A petitioner presented a similar petition in the *Patterson* case. *Patterson v. Clarke*, No. 3:19-cv-00263, 2020 WL 3104516 (E.D. Va. June 11, 2020). Petitioner Patterson claimed he had been wrongly convicted of an institutional disciplinary charge, and the Virginia Supreme Court had found the petition untimely. *Id.* at *1. In *Patterson*, the Petitioner "vaguely suggest[ed] that it was impossible for him to exhaust his administrative appeals and then timely file a state habeas petition with the state court." *Id.* at *3. The court rejected that contention as establishing cause because after the conclusion of his administrative appeals, the Petitioner "had over six months in which he could have timely filed a state habeas petition challenging his institutional convictions." *Id.* Accordingly, the court found no "cause" to excuse his

-6-

default.  *Id.*  Similarly, AlBritton's institutional appeal process was completed by December 2023, leaving eight months until August 2024 during which AlBritton could have filed his state court habeas petition.  Therefore, he has not shown qualifying "cause" to overcome the procedural default.

The only other avenue permitting federal court review of a procedurally defaulted claim is if the petitioner establishes that a failure to review would result in a fundamental miscarriage of justice.  AlBritton does contend that he is actually innocent of his institutional conviction. (Dkt. 1-3 at 1.)  But this claim, no matter how strenuously asserted, does also not provide a viable avenue for him to get around his procedural default.  "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually."  *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted).  A gateway claim that opens the door for federal review of a procedurally defaulted state law claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Id.*

Here, Plaintiff relies on evidence that was presented during his disciplinary hearing. (Dkt. 1-3 at 1) (explaining that his presented evidence was disregarded during the appeal process).  He presents no new evidence in connection with this filing.  Although he argues the evidence was not credited during the institutional hearings and appeals, the evidence existed and was considered.  Thus, there is no new evidence of actual innocence that could

serve as a basis for excusing the procedural default.

As such, there are no viable escape routes for AlBritton to obtain federal review of his procedurally defaulted claims (Claims 1 and 2).  Claim 3 (the argument that the Virginia Supreme Court erred) has not been exhausted as a habeas claim, foreclosing review.  28 U.S.C. § 2254(b)(1)(A).  Additionally, even when there is an alleged error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.  *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."); *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (same).

## IV.  Conclusion and Order

Therefore, with no viable claims asserted in the Petition, the court **GRANTS** Respondent's Motion to Dismiss (Dkt. 15) and will dismiss this action.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to AlBritton.

**ENTERED** this 3rd day of March, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE